United States Court of Appeals
Fifth Circuit

**F I L E D**

October 6, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

**No. 04-60004
Summary Calendar**

**YAN BING LIN,**

**Petitioner,**

**versus**

**JOHN ASHCROFT, U.S. ATTORNEY GENERAL,**

**Respondent.**

**Petition for Review from the Board of
Immigration Appeals
(A77-340-474)**

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Yan Bing Lin, a native and citizen of China, petitions for review of the denial by the Board of Immigration Appeals (BIA) of Lin's motion for reconsideration of its decision affirming the Immigration Judge's (IJ) denial of Lin's applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

This court lacks jurisdiction to review the BIA's decision affirming the IJ's denial of Lin's applications because Lin did not file a petition for review within 30 days from that decision. *See*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Stone v. I.N.S.*, 514 U.S. 386, 395 (1995); *Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 676 (5th Cir. 2003). Accordingly, Lin's petition challenges only the BIA's denial of his motion for reconsideration. Our review is limited to whether the BIA abused its discretion in denying that motion. *See Osuchukwu v. I.N.S.*, 744 F.2d 1136, 1141 (5th Cir. 1984).

Lin maintains the BIA failed to apply the three-prong analysis set forth in *Matter of A-S*-, 21 I. & N. Dec. 1106 (BIA 1998), when it deferred to the IJ's credibility finding. The BIA deferred to the IJ's credibility determination after examining the inconsistencies and implausibilities in Lin's testimony, applications, and statement to the Immigration Officer. Further, contrary to Lin's contention, the BIA specifically cited *Matter of A-S-* in support of its determination. It goes without saying that our court does not substitute its judgment for that of the BIA or the IJ with respect to the credibility of witnesses and the ultimate findings based on credibility determinations. *See Chun v. I.N.S.*, 40 F.3d 76, 78 (5th Cir. 1994). Therefore, Lin's having failed to identify a legal or factual error in the BIA's prior decision, he has failed to demonstrate that the BIA abused its discretion by denying his motion for reconsideration.

*DENIED*